**Sarah DUNION, by her parents and next friends Paul and Alma Dunion, Plaintiff,**

**v.**

**Joyce THOMAS, Commissioner, State of Connecticut Department of Social Services, in her official capacity; John Halliday, Director of Vocational Rehabilitation Services, State of Connecticut Bureau of Rehabilitation Services, individually and in his official capacity; and Joseph Kane, Acting District Director, State of Connecticut Bureau of Rehabilitation Services, individually and in his official capacity, Defendants.**

**Civil No. 3:96CV01923(AWT).**

United States District Court, D. Connecticut.

Oct. 16, 2006.

Andrew Alan Feinstein, David C. Shaw, Law Offices of David C. Shaw, Bloomfield, CT, for Plaintiff.

Hugh Barber, Attorney General's Office, Health & Human Services, Nyle K. Davey, Attorney General's Office, Torts & Civil Rights, Hartford, CT, for Defendants.

## *ORDER RE CROSS–MOTIONS FOR SUMMARY JUDGMENT*

THOMPSON, District Judge.

For the reasons set forth below, the Plaintiff's Renewed Motion for Summary Judgment is being denied and the Defendants' Renewal of Their Motion for Summary Judgment is being granted in part and denied in part.

### I. *Defendant Thomas*

In Connecticut, the Bureau of Rehabilitation Services ("BRS") is the designated state unit responsible for the vocational rehabilitation program enacted pursuant to the Rehabilitation Act. *See* 29 U.S.C. § 721(a)(2); (John Halliday Aff. ¶¶ 4–6). The plaintiff is seeking injunctive relief against the Connecticut officials responsible for the actions taken by the BRS. Defendant Thomas had no personal involvement in the actions at issue in this case, and she was named as a defendant so that injunctive relief could be ordered, if appropriate, against the proper state officials. Accordingly, summary judgment is being granted in favor of defendant Thomas as to all the plaintiff's claims.

### II. *Eleventh Amendment Immunity*

 As the defendants argue, the Eleventh Amendment precludes recovery of monetary relief against the states absent a valid waiver or congressional abrogation. Similarly, when defendants are sued in their official capacities, the Eleventh Amendment prohibits orders requiring payment of compensation as opposed to future compliance. *Edelman v. Jordan,* 415 U.S. 651, 668, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Also, despite the waiver provision appearing in Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, the state did not waive its sovereign immunity pursuant to this statute for purposes of this particular case by accepting federal funding.[1] Therefore, the plaintiff cannot

---

1. In *Garcia v. S.U.N.Y. Health Sciences Center,* the Second Circuit held that the State of New York had not waived sovereign immunity from 1993 to 1995 because Title II of the ADA had theretofore been understood to abrogate state sovereign immunity and consequently sovereign immunity was not a known right which could have been waived. 280 F.3d 98, 114 (2d Cir.2001). Subsequently, district courts within the Second Circuit have disa-

greed with respect to when acceptance of federal funding constitutes a waiver under Section 504. *See Degrafinreid v. Ricks,* 417 F.Supp.2d 403, 415 (S.D.N.Y.2006) (observing that district courts disagree as to whether there is a valid waiver by virtue of acceptance of federal funds after the date of *Board of Trustees of the Univ. of Alabama v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) or after the date of *Garcia); Doe v.*

recover money damages against the defendants in their official capacities under her due process claim, or her claim under 29 U.S.C. § 721, and in addition, under the circumstances of this case, under her Section 504 claim either.

With respect to the plaintiff's claim under Title II of the ADA, in light of *Tennessee v. Lane*, 541 U.S. 509, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004), and *United States v. Georgia*, 546 U.S. 151, 126 S.Ct. 877, 163 L.Ed.2d 650 (2006), the court is denying without prejudice the defendants' motion for summary judgment with respect to recovery of monetary damages from defendants Halliday and Kane in their official capacities. In *Georgia*, the Court held that "insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." 126 S.Ct. at 882. Also, the Court explained that district courts should undertake a 3–part inquiry and

> determine . . . on a claim-by-claim basis, (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar

as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*Id.; see also Degrafinreid v. Ricks*, 417 F.Supp.2d 403, 411 (S.D.N.Y.2006). To make the determination at step 3, courts must analyze whether there is "congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end." *City of Boerne v. Flores*, 521 U.S. 507, 521, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997).[2]

The court notes that here, even if denial of facilitated communication constitutes a violation of Title II of the ADA, it is not apparent how there is a Fourteenth Amendment right to receive facilitated communication. In addition, as to step 3 of the analysis, providing for monetary damages under Title II would not appear to be a congruent and proportional response with respect to denial of facilitated communication.[3] However, the question of whether the asserted failure by the defendants to provide any services to Dunion (including an individualized assessment)

---

*Goord*, No. 04 CV 0570 GBD AJP, 2004 WL 2829876, at *16 (S.D.N.Y. Dec.10, 2004) (pointing to disagreement as to whether waivers are valid based on *Garrett* or based on *Garcia*); *Mutts v. Southern Connecticut State University*, No. 3:04CV1746(MRK), 2006 WL 1806179, at *4 (D.Conn. June 28, 2006) (finding that state knowingly waived its sovereign immunity with respect to Section 504 claims arising after *Garcia* ). Since both *Garrett* and *Garcia* were decided after the conduct at issue in this case, the conflict is immaterial, and the state did not waive its sovereign immunity.

2. This inquiry requires that the court (1) "identify the constitutional right or rights Congress sought to enforce when it enacted the law," (2) determine "whether Congress identified a history and pattern of unconstitu-

tional conduct by the states," and (3) determine "whether the abrogation constitutes a proportionate response to the constitutional violation." *Klingler v. Director, Dept. of Revenue, State of Mo.*, 455 F.3d 888, 894 (8th Cir.2006) (citations omitted).

3. *See Tennessee v. Lane*, 541 U.S. at 531–32, 124 S.Ct. 1978 ("But Title II does not require States to employ any and all means to make judicial services accessible to persons with disabilities, and it does not require States to compromise their essential eligibility criteria for public programs. It requires only reasonable modifications that would not fundamentally alter the nature of the service provided, and only when the individual seeking modification is otherwise eligible for the service.") (citation omitted).

could constitute a due process violation in addition to constituting a violation of Title II of the ADA is one on which the parties should be allowed additional input. Accordingly, the defendants' motion is being denied without prejudice with respect to the claim for money damages against the defendants in their official capacities for violation of Title II of the ADA.

### III. Count I and Count II: Title II of the ADA and Section 504

#### A. Individual Capacities Claim

[4] In Counts I and II, the plaintiff asserts claims against the defendants in their individual and official capacities. "[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials." *Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98, 107 (2d Cir.2001); *see Johnson v. Goord*, No. 01 Civ. 9587PKC, 2004 WL 2199500, at *19 (S.D.N.Y. Sept.29, 2004) ("there can be no individual liability under Title II of the ADA or section 504 of the Rehabilitation Act."). Accordingly, summary judgment is being granted in favor of the defendants in their individual capacities on Counts I and II.

#### B. Official Capacities Claim for Injunctive Relief

[5] Genuine issues of material fact exist with respect to the plaintiff's official capacities claims for injunctive relief, i.e. as to whether the defendants' asserted failure to provide any vocational rehabilitation services to Dunion was because of her disability.[4] Accordingly, the defendants' motion is being denied as to this claim.

### IV. Count III: Due Process Claim

[6] The defendants' argument with respect to the due process claim is set forth at pages 46 through 48 of their memorandum in support of their motion (Doc. No. 104). The defendants' argument fails because there are genuine issues of material fact, *inter alia*, as to whether they fulfilled their obligations under the applicable statutes and regulations to provide an individualized assessment and vocational rehabilitation services to Dunion. There is no genuine dispute as to the fact Dunion was found eligible for BRS services and received a plan from BRS, which she returned after making changes. Also, Dunion points to language in Title I of the Rehabilitation Act which provides for a presumption in favor of eligibility for services. In addition, Dunion has produced evidence that, after March 29, 1996, she did not receive any form of service or even an assessment.[5] However, there is also a genuine issue as to whether Dunion herself was the cause of any due process deprivation.

Genuine issues of material fact exist as to whether the defendants in their individ-

---

4. The provision of Title II of the ADA and Section 504 are slightly different. Section 504 provides that an otherwise qualified person shall not be excluded from programs or denied benefits "solely" because of her disability, while Title II does not include the word "solely." 29 U.S.C. § 794(a); 42 U.S.C. § 12132. There are genuine issues of fact material to claims under both statutes.

5. The court notes that if Dunion was only deprived of services in the form of facilitated communication, it does not appear that Dun-

ion would have a protected interest in receiving such services, and the requirements of procedural due process do not attach unless a protected interest is implicated. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569–70, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) ("When protected interests are implicated, the right to some kind of prior hearing is paramount. But the range of interests protected by procedural due process is not infinite." (footnote omitted)).

ual capacities are shielded from liability pursuant to the doctrine of qualified immunity. The court notes that if this action concerned only the failure to provide facilitated communication, it appears that the defendants would be entitled to qualified immunity because it does not appear to be clearly established that there is a protected interest in being a recipient of services in the form of facilitated communication.

Accordingly, the defendants' motion for summary judgment as to the due process claim against defendants Halliday and Kane in their individual capacities is being denied.

## V. *Count IV: Title I of the Rehabilitation Act, 29 U.S.C. § 721*

■ In Count IV, the plaintiff claims that the defendants violated her rights under Title I of the Rehabilitation Act, 29 U.S.C. § 721. The Rehabilitation Act provides that an individual is "presumed" to be able to benefit from vocational rehabilitation services unless the state unit shows "by clear and convincing evidence that such individual is incapable of benefiting in terms of an employment outcome ..." 29 U.S.C. § 722(a)(2)(A). Section 721 also requires that the state plan provide that "an individualized plan for employment ... be developed and implemented in a timely manner for an individual subsequent to the determination of the eligibility of the individual for services." 29 U.S.C. § 721(a)(9)(A). There is a genuine issue as to whether the defendants complied with their statutory obligations, including whether they determined by "clear and convincing evidence" that Dunion was incapable of benefitting from BRS services, and whether the defendants were obligated to provide services other than facilitated communication or provide an assessment to Dunion after March 29, 1996. Therefore, the defendants' motion for sum-

mary judgment is being denied on this count as to defendants Halliday and Kane in their official capacities.

With respect to Dunion's claim against the defendants in their individual capacities, the plain meaning of the statute is that there is a presumption in favor of Dunion being eligible for services, and there are genuine issues as to what actions defendants Halliday and Kane took, and consequently, as to the objective reasonableness of the conduct of defendants Kane and Halliday. Accordingly, the defendants' motion for summary judgment based on the defense of qualified immunity is being denied.

The court notes that the defendants challenge the plaintiff's use of 42 U.S.C. § 1983 to bring her Title I claim. As the Second Circuit discussed in *Doe v. Pfrommer*, because Title I does not contain a private right of action, "where [the state agency] has a policy or practice that conflicts with federal requirements or fails to otherwise comply with Title I," a plaintiff can obtain relief pursuant to § 1983. 148 F.3d 73, 81 (2d Cir.1998); *see also Marshall v. Switzer*, 10 F.3d 925, 929 (2d Cir. 1993) (allowing plaintiff to bring § 1983 action asserting violations of Title I); *McGuire v. Switzer*, 734 F.Supp. 99, 112 (S.D.N.Y.1990) (where state regulations capped funding for tuition and maintenance, the court found that "the right to an individualized written rehabilitation plan" is enforceable under § 1983). In *Doe*, the Second Circuit explained that, "[i]t is only when there is a specific conflict between the federal mandate and the state plan or practice that a federal right is implicated." 148 F.3d at 80–81. Language in *Mallett v. Wisconsin Div. of Vocational Rehabilitation* indicates that relief can be sought pursuant to § 1983 only where a state plan conflicts with federal requirements. 130 F.3d 1245, 1253 (7th Cir.1997). According

to the Seventh Circuit, "[s]ection 1983 ... is not an appropriate means of remedying an isolated violation of an otherwise legal plan." *Id.*

■ The court in *Doe* did not allow the plaintiff to assert claims for failure to comply with state regulations; therefore, the plaintiff may not use § 1983 to assert claims for violations of the state plan. 148 F.3d at 81. However, the plaintiff has produced evidence demonstrating that BRS's conduct may have violated federal mandates. While she has not pointed to evidence that the state plan itself violates federal law, the plaintiff's evidence creates a genuine issue of material fact as to whether BRS followed a particular "practice" in its treatment of the plaintiff. Even if the plaintiff cannot show a consistent "practice" conflicting with federal statutory law or regulations, the plaintiff's evidence creates a genuine issue of material fact as to whether BRS "fail[ed] to otherwise comply with Title I." *Doe,* 148 F.3d at 81. Accordingly, to the extent the plaintiff asserts that the state has a policy or practice which conflicts with Title I or the federal regulations, or otherwise has not complied with the federal requirements, her § 1983 action is proper.

## VI. *The Plaintiff's Motion for Summary Judgment*

Because the defendants' motion for summary judgment is being granted as to some claims and is being denied as to Dunion's other claims because of the existence of genuine issues of material fact, the plaintiff's motion for summary judgment should be denied.

## VII. *Conclusion*

For the reasons set forth above, the plaintiff's motion for summary judgment (Doc. No. 124) is hereby DENIED, and the defendants' motion for summary judg-ment (Doc. No. 132) is hereby GRANTED in part and DENIED in part.

As to Count I (Title II of the ADA), judgment shall enter in favor of defendant Thomas, and in favor of the defendants in their individual capacities; the remaining claims are the plaintiff's official capacities claims for money damages and injunctive relief against defendants Halliday and Kane.

As to Count II (29 U.S.C. § 794, Section 504 of the Rehabilitation Act), judgment shall enter in favor of defendant Thomas, and in favor of all of the defendants in their official and individual capacities with respect to the claim for money damages; the remaining claim is the claim for injunctive relief against defendants Halliday and Kane in their official capacities.

As to Count III (§ 1983 due process claim), judgment shall enter in favor of defendant Thomas, and in favor of all the defendants with respect to the claim for money damages against them in their official capacities; the remaining claims are the claims for money damages against defendants Halliday and Kane in their individual capacities and for injunctive relief against them in their official capacities.

As to Count IV (29 U.S.C. § 721, Title I of the Rehabilitation Act), judgment shall enter in favor of defendant Thomas, and in favor of all the defendants in their official capacities with respect to the claim for money damages; the remaining claims are the claims for money damages against defendants Halliday and Kane in their individual capacities and for injunctive relief against them in their official capacities.

It is so ordered.